UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GREAT BASIN RESOURCE WATCH; and WESTERN SHOSHONE DEFENSE PROJECT,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR; U.S. BUREAU OF LAND MANAGEMENT; CASEY HAMMOND, Acting Assistant Secretary; and JOHN D. SHERVE, Field Manager of the BLM's Mount Lewis Field Office,<br><br>Defendants<br><br>EUREKA MOLY, LLC,<br><br>Intervenor-Pending. | Case No. 3:19-cv-00661-LRH-WGC<br><br>ORDER |

Before the court is an unopposed motion by Eureka Moly, LLC ("Eureka Moly") to intervene as a matter of right, or in the alternative for leave to intervene permissively, in the above captioned case. ECF No. 23.[1] Because the court finds that Eureka Moly satisfies the requirements to intervene as a matter of right pursuant to Federal Civil Procedure Rule 24(a)(2), the court grants its motion. Accordingly, the court does not address Eureka Moly's motion in the alternative for permissive intervention.

///

///

---

[1] Unless otherwise noted, ECF numbers within this order refer to the above captioned case.

1

## I. BACKGROUND

The subject of this litigation originally began in June 2006, when Eureka Moly submitted a Plan of Operations for the Mount Hope Project ("the Project") to the U.S. Bureau of Land Management's ("BLM") Battle Mountain, Nevada field office. ECF No. 14 ¶ 6. After Eureka Moly submitted a final Plan of Operations to the BLM in June 2012, and BLM approved it, the BLM began preparing the required NEPA documents: a draft Environmental Impact Statement in December 2011; a Final Environmental Impact Statement in October 2012; and issued the *Mount Hope Project Record of Decision, Plan of Operations Approval, and Approval of Issuance of Right-of Way Grants* (ROD) in November 2012. ECF No. 14 ¶¶ 6-7. Accordingly, Great Basin Resource Watch ("GBRW") and Western Shoshone Defense Project ("WSDP") filed suit in this District court in February 2013 challenging the BLM's approval (Case No. 3:13-cv-00078-RCJ-VPC). ECF No. 14 ¶ 14. At that time, Eureka Moly's unopposed motioned to intervene (Case No. 3:13-cv-00078-RCJ-VPC, ECF No. 18), was granted by this court (Case No. 3:13-cv-00078-RCJ-VPC, ECF No. 41). On a review of the record, the court subsequently denied the plaintiffs' motion for summary judgment (Case No. 3:13-cv-00078-RCJ-VPC, ECF No. 63), and entered judgment in favor of the federal defendants and defendant intervenor (Case No. 3:13-cv-00078-RCJ-VPC, ECF No. 68). On Appeal before the Ninth Circuit, the court's Order was affirmed in part, reversed in part, vacated in part, and remanded with instructions to vacate the records of decision and remand to the BLM. Case No. 3:13-cv-00078-RCJ-VPC, ECF No. 73.

Upon remand, BLM issued a Final Supplemental Environmental Impact Statement ("FSEIS") in August 2019 approving the updated ROD. ECF No. 14 ¶ 27. On October 31, 2019, GBRW and WSDP alongside Progressive Leadership Alliance of Nevada ("PLAN") (collectively "plaintiffs") again brought suit against the U.S. Department of the Interior ("DOI"), BLM, and individual defendants acting in their official capacities (Casey Hammond and Jon D. Sherve) (collectively "federal defendants") challenging the approval of the Mount Hope Project. *See* ECF Nos. 1 & 14. Plaintiffs filed a First Amended Complaint on December 17, 2019 (ECF No. 14), which federal defendants answered on March 13, 2020 (ECF No. 25). Eureka Moly filed the at issue unopposed motion to intervene on March 11, 2020 (ECF No. 23).

**II.  DISCUSSION**

Under Federal Rule of Civil Procedure 24(a)(2), an interested party is allowed to intervene as a matter of right in any action (1) where that party claims an interest relating to the property that is the subject of the underlying complaint, and (2) where the disposition of the action may impair or impede the party's ability to protect its interest. FED. R. CIV. P. 24(a)(2). District courts construe Rule 24 liberally in favor of potential intervenors. *Sw. Ctr. For Biological Diversity v. Berg.*, 268 F.3d 810, 818 (9th Cir. 2001). The Ninth Circuit applies a four-part test to determine whether a party can intervene as a matter of right under Rule 24(a)(2): "(1) the motion must be timely; (2) the applicant must claim a 'significantly protectable' interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the parties in the action." *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2001) (internal citations omitted). The court has reviewed the documents and pleadings on file in this matter and finds that Eureka Moly satisfies all four factors of the test for intervention as a matter of right.

First, the court looks at three criteria to determine if the motion is timely: "(1) the stage of the proceedings; (2) whether the parties would be prejudiced; and (3) the reason for any delay in moving to intervene." *Northwest Forest Res. Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996). This is the beginning of this litigation—plaintiffs recently filed their First Amended Complaint on December 17, 2019, the federal defendants recently filed their answer on March 13, 2020, and no significant motion practice has yet occurred. The court further weighs heavily that the motion is unopposed and that the same parties did not oppose Eureka Moly's motion to intervene in the prior related case. Finally, the court is satisfied that no party will be prejudiced by granting this order—the parties are already working together and have filed a joint stipulation regarding case management and preliminary relief. *See* ECF No. 24.

Second, a proposed intervenor has a "significant protectable interest" if "(1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." *California ex rel. Lockyer v. United States*, 450 F.3d

3

436, 441 (9th Cir. 2006) (internal quotation marks and citation omitted). "An applicant demonstrates a 'significantly protectable interest' when the 'injunctive relief sought by the plaintiffs will have direct, immediate, and harmful effects upon a third party's legally protectable interests.'" *Berg*, 268 F.3d at 818 (quoting *Forest Conservation Council v. U.S. Forest Service*, 66 F.3d 1489, 1494 (9th Cir. 1995)). Here, plaintiffs seek an immediate and permanent injunction prohibiting the federal defendants, "their agents, servants, employees, and all others acting in concert with them, or subject to their authority or control, from proceeding with any aspect of the [Mount] Hope Project[.]" ECF No. 14 at 94. Eureka Moly, as the entity that requested the updated ROD for the Project, has a property interest that is directly related to this litigation—if the court were to grant plaintiffs' requested declaratory and injunctive relief, Eureka Moly would be prohibited from exercising its property rights and developing the Project. *See Lockyer*, 450 F.3d at 441 (An intervenor "has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation."). Moreover, courts routinely grant intervention where a lawsuit involves the legality of permits authorizing a project granted by a federal agency to the proposed intervenor. *See e.g., Sierra Club v. U.S. E.P.A.*, 995 F.2d 1478, 1481 (9th Cir. 1993), *abrogated on other grounds* by *Wilderness Soc'y v. U.S. Forest Service*, 630 F.3d 1173 (9th Cir. 2011) (granting intervention where, "[i]n practical terms, the [plaintiff] wanted the court to order the [government] to change [the intervenor's] permits[.]").

Third, disposition of this action clearly has the potential to impair or impede Eureka Moly's ability to protect its vested rights in the Project granted by the BLM's updated ROD and other determinations in this action. The plaintiffs' requested declaratory and injunctive relief would undermine the finality of the ROD thereby preventing Eureka Moly from proceeding with its Project. *See Berg*, 268 F.3d at 822 (quoting FED. R. CIV. P. 24 advisory committee's notes 1966 Amendment) ("We follow the guidance of Rule 24 advisory committee notes that state that '[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.'"). Thus, the court finds that Eureka Moly's significantly protectable interest is subject to impairment by the disposition of the underlying action.

4

Finally, the court finds that the existing parties in this action do not adequately represent Eureka Moly's interest in the litigation. In determining whether a would-be intervenor's interest would be adequately represented by an existing party, courts consider: "(1) whether the interest of a present party is such that it will undoubtably make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect." *Berg*, 268 F.3d at 822 (internal citations omitted). "[T]he burden of showing inadequacy is 'minimal,' and the applicant need only show that representation of its interests by existing parties 'may be' inadequate. *Id.* at 823 (quoting *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n.10 (1972)). Here, Eureka Moly's interests may not be represented by the federal defendants because the "government must represent the broad public interest, not just the economic concerns of [private] industry." *Sierra Club v. Espy*, 18 F.3d 1202, 1208 (5th Cir. 1994). In contrast, Eureka Moly is "principally concerned with how the various statutes at issue apply to, and potentially affect, its legally-protectable interests, approved project plans, and its development of the Project." ECF No. 23 at 7. These differences will necessarily affect briefing strategy, arguments, and the parties' interests in settlement or appeal.

Because the court finds that Eureka Moly satisfies the requirements to intervene as a matter of right pursuant to Rule 24(a)(2), the court grants its motion.

**III.     CONCLUSION**

IT IS THEREFORE ORDERED that Eureka Moly's unopposed motion to intervene (ECF No. 23) is **GRANTED.**

IT IS FURTHER ORDERED that Eureka Moly is to file its Answer (attached at ECF No. 23-1) to plaintiffs' First Amended Complaint (ECF No. 14), within **10 days** of the date of this Order.

IT IS SO ORDERED.

DATED this 19th day of March, 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE