UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| GREAT BASIN RESOURCE WATCH; et al., | Case No: 3:19-cv-00661-LRH-WGC |
| Plaintiffs, | JOINT STIPULATION and PROPOSAL REGARDING INITIAL CASE MANAGEMENT and PRELIMINARY RELIEF |
| vs. | |
| UNITED STATES DEPARTMENT OF THE INTERIOR; et al., | **AND ORDER THEREON** |
| Defendants. | |
| EUREKA MOLY, LLC, | |
| (Proposed) Defendant-Intervenor. | |

Plaintiffs, the Federal Defendants, and proposed Defendant-Intervenor Eureka Moly, LLC (EML), agree and stipulate as follows:

WHEREAS, Plaintiffs filed their Complaint for Vacatur, Equitable, Declaratory and Injunctive Relief on October 31, 2019 (ECF #1), and provided a copy of the Complaint to counsel for EML and completed service upon the Federal Defendants on November 12, 2019.

WHEREAS, on December 17, 2019, Plaintiffs filed their First Amended Complaint, (ECF #14).

WHEREAS, on March 11, 2020, EML submitted its Motion to Intervene (ECF #23), which Plaintiffs do not oppose.

WHEREAS, Plaintiffs have informed counsel for Federal Defendants and EML that Plaintiffs intend on filing a Motion for Preliminary Injunction to enjoin any significant ground disturbance and operations authorized by the challenged Bureau of Land Management's (BLM) Record of Decision (ROD) which approved the Mt. Hope Project's plan of operations on federal lands.

WHEREAS, EML, in response, informed Plaintiffs that EML does not anticipate conducting any significant ground disturbance or operations associated with the Mt. Hope Project in the reasonably foreseeable future. As a result of EML's current economic conditions, all significant ground disturbance or operations at the Mount Hope Project had ceased in 2013 and none has commenced since the issuance of the challenged ROD on September 27, 2019. The only ongoing ground-disturbance or operations are related to agency-approved and required maintenance of existing storm-water controls, geotechnical sampling within the existing disturbed lands, facility and road maintenance and preservation, receiving equipment and materials for storage on existing disturbed lands, reclamation required by permit(s), building removal, site cleanup, limited security and protective fencing of currently-existing laydown yards and building and structural areas, monitor well construction and monitoring required by existing permit(s), environmental compliance and protection activities required by existing

permit(s), and other incidental site infrastructure improvements (e.g., phones, radio, temporary power, potable water).

WHEREAS, Plaintiffs represent that, in light of EML's representation that it does not anticipate conducting any significant ground disturbance associated with the Mt. Hope Project in the reasonably foreseeable future, the filing of a Motion for Preliminary Injunction is not warranted at this time.

THEREFORE, the Parties agree and stipulate:

1. If EML decides to commence significant ground disturbance or operations approved under the ROD, EML will provide at least sixty (60) days written notice to Plaintiffs before commencing significant ground disturbance or operations associated with the Mt. Hope Mine.
2. In the event that EML provides such 60 days' notice, Plaintiffs may file a Motion for Preliminary Injunction to seek to enjoin such significant ground disturbance or operations pending this Court's resolution of the case on the merits.
3. If EML provides such 60 days' notice, Plaintiffs will provide at least two weeks' notice to EML and Federal Defendants of Plaintiffs' intent to file a Motion for Preliminary Injunction.
4. At any time, if Plaintiffs reasonably believe that EML is conducting significant ground disturbance or operations associated with the Mt. Hope Project, Plaintiffs may file a Motion for Preliminary Injunction to seek to enjoin such significant ground disturbance or operations pending this Court's resolution of the case on the merits.
5. The Parties respectfully request that, upon the conclusion of briefing on any Motion for Preliminary Injunction, this Court schedule oral argument on the Motion for Preliminary Injunction at its earliest convenience and prior to EML's initiation of significant ground disturbance or operations.

6. The Parties will commence discussions regarding a schedule for submission and review of the administrative record and briefing on the merits of this case and will submit a proposal to the Court for its consideration.

Respectfully submitted this 12th day of March, 2020.

STIPULATED AND AGREED:

*/s/ Roger Flynn*
Roger Flynn, (Colo. Bar # 21078), *Pro Hac Vice*
Jeffrey C. Parsons, (Colo. Bar # 30210), *Pro Hac Vice*
WESTERN MINING ACTION PROJECT
P.O. Box 349, 440 Main St., #2
Lyons, CO 80540
(303) 823-5738
wmap@igc.org

Julie Cavanaugh-Bill, Nevada Bar # 11533
CAVANAUGH-BILL LAW OFFICES, LLC
401 Railroad St., Ste. 307
Elko, Nevada 89801
(775) 753-4357
julie@cblawoffices.org

Attorneys for Plaintiffs

JEAN E. WILLIAMS
Deputy Assistant Attorney General

*/s/ Michelle-Ann C. Williams*
MICHELLE-ANN C. WILLIAMS
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C., 20044-7611
(202) 305-0420
michelle-ann.williams@usdoj.gov

Attorneys for Federal Defendants

*/s/ Jim B. Butler*
Jim B. Butler, Nevada Bar No. 8389
Ashley C. Nikkel, Nevada Bar No. 12838
PARSONS BEHLE & LATIMER
50 West Liberty Street, Suite 750
Reno, NV 89501
(775) 323-1601
JButler@parsonsbehle.com
ANikkel@parsonsbehle.com

Attorneys for Eureka Moly, LLC

Certificate of Service

I, Roger Flynn, attest that on this 12th day of March, 2020, I served this document to all counsel by filing it with this Court's ECF filing system.

*/s/ Roger Flynn*

**IT IS SO ORDERED**

DATED this 19th day of March, 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE