UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

GREAT BASIN RESOURCE WATCH; and WESTERN SHOSHONE DEFENSE PROJECT,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF THE INTERIOR; U.S. BUREAU OF LAND MANAGEMENT; CASEY HAMMOND, Acting Assistant Secretary; and JOHN D. SHERVE, Field Manager of the BLM's Mount Lewis Field Office,

Defendants,

EUREKA MOLY, LLC,

Defendant-Intervenor.

Case No. 3:19-cv-00661-LRH-WGC

ORDER

Before the Court is a motion to intervene by American Exploration & Mining Association ("AEMA") as a matter of right, or in the alternative, for leave to intervene permissively, in the above captioned case. ECF No. 40.[1] Because the Court finds that AEMA fails to satisfy the requirements to intervene as a matter of right pursuant to Federal Civil Procedure Rule 24(a)(2), the Court denies its motion. In its sound discretion, the Court further denies AEMA permissive intervention.

///

///

[1] Unless otherwise noted, ECF numbers within this Order refer to the above captioned case.

## I. BACKGROUND

The subject of this litigation originally began in June 2006, when Eureka Moly, LLC ("Eureka Moly") submitted a Plan of Operations for the Mount Hope Project ("the Mount Hope Project") to the U.S. Bureau of Land Management's ("BLM") Battle Mountain, Nevada field office. ECF No. 14 ¶ 6. After Eureka Moly submitted a final Plan of Operations to the BLM in June 2012, and BLM approved it, the BLM began preparing the required NEPA documents: a draft Environmental Impact Statement in December 2011; a Final Environmental Impact Statement in October 2012; and issued the *Mount Hope Project Record of Decision, Plan of Operations Approval, and Approval of Issuance of Right-of Way Grants* ("ROD") in November 2012. ECF No. 14 ¶¶ 6-7. Accordingly, Great Basin Resource Watch ("GBRW") and Western Shoshone Defense Project ("WSDP") filed suit in this District court in February 2013 challenging the BLM's approval (Case No. 3:13-cv-00078-RCJ-VPC). ECF No. 14 ¶ 14. On a review of the record, the Court subsequently denied the plaintiffs' motion for summary judgment (Case No. 3:13-cv-00078-RCJ-VPC, ECF No. 63), and entered judgment in favor of the federal defendants and defendant intervenor, Eureka Moly (Case No. 3:13-cv-00078-RCJ-VPC, ECF No. 68). On appeal before the Ninth Circuit, the Court's order was affirmed in part, reversed in part, vacated in part, and remanded with instructions to vacate the records of decision and remand to the BLM (Case No. 3:13-cv-00078-RCJ-VPC, ECF No. 73).

Upon remand, BLM issued a Final Supplemental Environmental Impact Statement ("FSEIS") in August 2019 approving the updated ROD. ECF No. 14 ¶ 27. On October 31, 2019, GBRW and WSDP alongside Progressive Leadership Alliance of Nevada ("PLAN") (collectively "plaintiffs") again brought suit against the U.S. Department of the Interior ("DOI"), BLM, and individual defendants acting in their official capacities (Casey Hammond and Jon D. Sherve) (collectively "federal defendants") challenging the approval of the Mount Hope Project. *See* ECF Nos. 1 & 14. Plaintiffs filed a First Amended Complaint on December 17, 2019 (ECF No. 14), which federal defendants answered on March 13, 2020 (ECF No. 25).

On March 11, 2020, Eureka Moly filed an unopposed motion to intervene (ECF No. 23), which the Court granted (ECF No. 26). AEMA now moves to intervene as well. ECF No. 40.

Eureka Moly filed a response in support of AEMA's intervention (ECF No. 44), and GBRW (on behalf of the plaintiffs) opposed (ECF No. 45); the federal defendants have not taken any position on the issue. AEMA and Eureka Moly each filed a reply to GBRW's opposition. ECF Nos. 47 & 48. For the reasons below, the Court now denies AEMA's pending motion.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 24(a)(2), an interested party may intervene as a matter of right in any action (1) where that party claims an interest relating to the property or transaction that is the subject of the underlying complaint, and (2) where the disposition of the action may impair or impede the party's ability to protect its interest. FED. R. CIV. P. 24(a)(2). The Ninth Circuit applies a four-part test to determine whether a party can intervene as a matter of right under Rule 24(a)(2): "(1) the motion must be timely; (2) the applicant must claim a 'significantly protectable' interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties in the action." *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2001) (internal citations omitted). To determine if AEMA may intervene as of right, the Court must "take all well-pleaded, nonconclusory allegations in the motion . . . as true absent sham, frivolity or other objections." *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001). Further, the Court is "guided primarily by practical and equitable considerations," and will "generally interpret the requirements broadly in favor of intervention." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998).

First, GBRW does not dispute that AEMA's motion is timely. *See* ECF No. 45 at 6 n.1. Therefore, the Court need not address this factor.

Second, a proposed intervenor has a "significant protectable interest" if "(1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." *Donnelly*, 159 F.3d at 409. "An applicant demonstrates a 'significantly protectable interest' when the 'injunctive relief sought by the plaintiffs will have direct, immediate, and harmful effects upon a third party's legally protectable

interests.'" *Berg*, 268 F.3d at 818 (quoting *Forest Conservation Council v. U.S. Forest Service*, 66 F.3d 1489, 1494 (9th Cir. 1995)). Here, plaintiffs seek, in relevant part, an immediate and permanent injunction prohibiting the federal defendants, "their agents, servants, employees, and all others acting in concert with them, or subject to their authority or control, from proceeding with any aspect of the [Mount] Hope Project[.]" ECF No. 14 at 94. AEMA is a national trade association whose members are "actively involved in prospecting, exploring, mining, and reclamation and mine closure activities on BLM administered land that could be implicated by Plaintiffs' requested relief." ECF No. 40 at 5. AEMA provides that:

> AEMA has approximately 70 mining/exploration company members with unpatented mining claims that would be directly impacted by the decision in the Mt. Hope case. Another 217 companies would have secondary exposure (venders/suppliers). AEMA also has an untold number of individual members who are consulting geologists, geophysicists, landmen, engineers, etc. who are dependent on work from mining and/or exploration companies with unpatented mining claims.

*Id.* at 9 (citing ECF No. 40-1 ¶ 6). AEMA further provides that "AEMA's members are actively involved in exploration and mining operations on lands that *could* be implicated by Plaintiffs' requested relief." ECF No. 40-1 ¶ 6 (emphasis added).

The Court finds such "an undifferentiated, generalized interest in the outcome of an ongoing action is too porous a foundation on which to premise intervention as of right." *Southern California Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002) (quoting *Public Serv. Co. of N.H. v. Patch*, 136 F.3d 197, 205 (1st Cir. 1998)) (affirming the District Court's denial of intervention as of right to a trade organization). AEMA's interest is 'based on bare expectation," not any specific contract, permit that has been issued, or planned mining project that may be affected by the Court's ruling in this case, and is not cognizable for intervention. *See Berg*, 268 F.3d at 818-819 (citing *Sierra Club v. United States EPA*, 995 F.2d 1478 (9th Cir. 1993) and *Portland Audubon Soc'y v. Hodel*, 866 F.2d 302 (9th Cir. 1989)) (distinguishing *Sierra Club*, where the intervenor "had already acquired enforceable water discharge permits from the EPA under the [Clean Water Act]," from *Portland Audubon*, where the would-be intervenors "lacked a legally protectable interest because they did not have any existing legal right, contract or permits relating to the future timber sales that the Audubon Society sought to enjoin."). To find otherwise

would be akin to permitting any company and any person who owns mineral rights or participates in mining operations on BLM land to intervene as of right; that is simply outside the scope of the federal rule.

Third, the Court considers whether AEMA's interests would "as a practical matter be impaired or impeded by the disposition of this action." *Berg*, 268 F.3d at 822. If plaintiffs prevail in this case, AEMA argues that it will raise "significant doubt and uncertainty as to the future approvals for at least 70 of AEMA's members with unpatented mining claims." ECF No. 47 at 4. While a resolution of this case may ultimately affect future mining projects, there has been no showing that the suit would impair or impede future approvals; to find otherwise would be pure speculation.

Finally, the Court considers whether existing parties may not adequately represent AEMA's interests. In determining whether a would-be intervenor's interest would be adequately represented by an existing party, courts consider: "(1) whether the interest of a present party is such that it will undoubtably make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect." *Berg*, 268 F.3d at 822 (cleaned up). "[T]he burden of showing inadequacy is 'minimal,' and the applicant need only show that representation of its interests by existing parties 'may be' inadequate." *Id.* at 823 (quoting *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n.10 (1972)). However, "[w]hen an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises. If the applicant's interest is identical to that of one of the present parties, a compelling showing should be required to demonstrate inadequate representation." *Arakaki v. Cayetano*, 324, F.3d 1078, 1086 (9th Cir. 2003) (internal citations omitted).

Here, the Court is convinced that Eureka Moly is not only capable of making all of AEMA's arguments, but it will be making such arguments on its own behalf. Eureka Moly is "principally concerned with how the various statutes at issue apply to, and potentially effect, its legally-protectable interests, approved project plans, and its development of the Project." ECF No.

23 at 7. Its ultimate objective is to have the Court find BLM properly followed all federal law and regulations and properly approved its Mount Hope Project. Similarly, AEMA's ultimate objective is to have BLM's interpretation of federal law and statutes upheld. *See* ECF No. 40 at 7 ("The current and future projects of AEMA's members will be adversely affected if Plaintiffs are successful in their claims regarding the interpretation of BLM's regulations and BLM's obligations with respect to PWR 107."). AEMA and Eureka Moly further share the same interest in defending the BLM's decision and its interpretations of federal law and regulations. Therefore, the Court finds that AEMA has failed to make a compelling showing that Eureka Moly will not mount an adequate defense against plaintiffs' claims. *See Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 954 (9th Cir. 2009) ("Although it appears that the Proponents may not defend Prop. 8 in the exact manner that the Campaign would, the Campaign has not shown that Proponents have conceded any '*necessary* elements to the proceeding.'" (quoting *Arakaki*, 324 F.3d at 1086) (added emphasis)); *Prete v. Bradbury*, 438 F.3d 949, 957 (9th Cir. 2006) (affirming the lower court's denial of intervention and holding that intervenor-defendant had failed to make a compelling showing of inadequate representation). Because the Court finds that AEMA fails to satisfy the requirements of Rule 24(a)(2), the Court denies its motion to intervene as of right.

Alternatively, AEMA seeks to intervene permissively pursuant to Federal Rule of Civil Procedure 24(b). "[A] Court may grant permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *United States v. City of Los Angeles*, 288 F.3d 391, 403 (9th Cir. 2002) (quoting *Northwest Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996)). The Court must also "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3). "Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." *Donnelly*, 159 F.3d at 412; *see also Orange v. Air Cal.*, 799 F.2d 535, 539 (9th Cir. 1986) ("Permissive intervention is committed to the broad discretion of the district court . . .."); *Perry*, 587 F.3d 947, 955 (9th Cir. 2009) (quoting *Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977))

("Where a putative intervenor has met these requirements, the court may also consider other factors in the exercise of its discretion, including 'the nature and extent of the intervenors' interest' and 'whether the intervenors' interests are adequately represented by other parties.'").

As a threshold matter, plaintiffs do not dispute that AEMA's motion is timely or that there are common questions of law or fact. However, plaintiffs articulate that they will be prejudiced by the intervention of AEMA by creating a "piling on effect" in which they would be required to respond to multiple answers and summary judgment motions, all essentially making the same arguments. As the Court found above, Eureka Moly fully and adequately represents the interests of AEMA and to permit the latter to add more voluminous, duplicative briefing to an already complex case would be prejudicial and unduly delay the proceedings. Therefore, the Court will exercise its sound discretion and deny AEMA's motion for permissive intervention.

While the Court denies AEMA's motions to intervene, AEMA may seek leave to file amicus briefs on any specific legal issues that it believes requires further explanation or that the parties failed to address.

## III. CONCLUSION

IT IS THEREFORE ORDERED that America Exploration & Mining Associations' motion to intervene (ECF No. 40) is **DENIED.**

IT IS SO ORDERED.

DATED this 9th day of June, 2021.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE